UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DESHAUN ANTONIO ANDERSON,

    Defendant.

_____/

Hon. Paul L. Maloney

Case No. 1:17-cr-00093

## REPORT AND RECOMMENDATION

Pursuant to W.D. Mich. L.Cr.R. 11.1, I conducted a plea hearing in the captioned case on June 7, 2017, after receiving the written consent of defendant and all counsel. At the hearing, defendant Deshaun Antonio Anderson entered a plea of guilty to Count 2 of the Indictment in exchange for the undertakings made by the government in the written plea agreement. In Count 2 of the Indictment, defendant is charged with possession with intent to distribute 100 or more grams of heroin in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B). On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to Count 2 of the Indictment be accepted, that the court adjudicate defendant guilty, and that the written plea

agreement be considered for acceptance at the time of sentencing. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

Date: June 7, 2017                                   /s/ Ellen S. Carmody
                                                                 ELLEN S. CARMODY
                                                                 U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).